IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SCOTT DENNY, # 290082, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16cv692-WKW |
| | ) | [WO] |
| PHYLLIS BILLUPS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama prisoner Timothy Scott Denny ("Denny").  Doc. No. 1.[1]

## I.   BACKGROUND

On March 5, 2013, a Lee County jury found Denny guilty of second-degree rape, in

violation of § 13A-6-62, Ala. Code 1975.  Doc. No. 8-1 at 13.  After a sentencing hearing

on May 15, 2013, the trial court sentenced Denny to 17 years in prison.  *Id*. at 14.

Denny appealed, arguing that the trial court erred in allowing the State to introduce

evidence of his other bad acts that was more prejudicial than probative.  Doc. No. 8-3.  By

unpublished memorandum opinion issued on March 14, 2014, the Alabama Court of

Criminal Appeals affirmed Denny's conviction and sentence.  Doc. No. 8-4.  Denny's

application for rehearing was overruled on April 4, 2014.  Doc. Nos. 8-5 & 8-6.  The

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Alabama Court of Criminal Appeals issued a certificate of judgment on April 23, 2014. Doc. No. 8-7.  On July 21, 2014, Denny filed a petition for writ of certiorari with the Alabama Supreme Court.  On August 14, 2014, that court denied Denny's petition for certiorari as untimely filed.  *See* Ala.R.App.P. 39(c)(2) (providing that the petition for writ of certiorari must be filed with the Alabama Supreme Court within 14 days of the Alabama Court of Criminal Appeals' decision on the application for rehearing).  Doc. No. 8-8.

On August 22, 2014, Denny filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  Doc. No. 8-9.  In that petition, Denny presented claims that his trial counsel rendered ineffective assistance by (1) failing to communicate the State's plea offer of 60 months in prison to him, (2) failing to call certain witnesses who could have provided testimony beneficial to his defense, and (3) failing to present evidence that he suffered from erectile dysfunction and was therefore incapable of committing the alleged offense.  *Id.*

On January 5, 2015, while Denny's Rule 32 petition was pending in the trial court, Denny filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 with this court presenting various claims of trial court error and ineffective assistance of counsel.  *See Denny v. Billups,* Civil Action No. 3:15cv38-WKW.  On April 14, 2015, this court dismissed the § 2254 petition without prejudice because Denny's Rule 32 petition was still pending in the state courts and he had not yet exhausted his available state court remedies regarding his claims of ineffective assistance of counsel.  *Id.*

On September 28, 2015, the trial court entered an order denying Denny's Rule 32 petition, finding that his claims of ineffective assistance of counsel failed to meet the

standard of *Strickland v. Washington*, 466 U.S. 668 (1984), and that all his claims lacked merit.  Doc. No. 8-11.  Denny filed no notice of appeal until May 11, 2016—over seven months after the trial court had denied his Rule 32 petition.  Doc. No. 8-12.  On May 23, 2016, the Alabama Court of Criminal Appeals entered an order allowing Denny 14 days to show cause why his appeal should not be dismissed as untimely.  Doc. No. 8-16.  Denny filed a response vaguely asserting that the prosecutor was now the circuit court clerk and had a conflict of interest in filing motions, and that the trial court's order denying his Rule 32 petition was "misleading."  Doc. No. 8-17.  On June 2, 2016, the Alabama Court of Criminal Appeals dismissed Denny's appeal as untimely filed and issued a certificate of judgment in the case.  Doc. Nos. 8-18 & 8-19.

On June 10, 2016, Denny filed a petition for writ of certiorari with the Alabama Supreme Court.  Doc. No. 8-20.  The petition for certiorari set forth no grounds for relief. On July 1, 2016, the Alabama Supreme Court ordered Denny's petition for certiorari stricken as untimely filed since his appeal was untimely.  Doc. No. 8-22.

On August 9, 2016, Denny initiated this federal habeas action by filing a § 2254 petition asserting as his sole ground for relief that his trial counsel was ineffective for failing to communicate the State's alleged plea offer to him.[2]  Doc. No. 1 at 5.

---

[2] In *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), the Supreme Court clarified that the Sixth Amendment right to the effective assistance of counsel extends to the negotiation and consideration of plea offers.  The Supreme Court concluded that, in order to establish prejudice in this context, a defendant must show a reasonable probability that but for counsel's deficient performance: (1) "the plea offer would been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have

(continued…)

The respondents contend that Denny's claim is unexhausted and procedurally defaulted because he failed to present the claim through one complete round of state court appellate review in his appeal from the denial of his Rule 32 petition, and he may no longer return to state court to exhaust the claim.  Doc. No. 8 at 5-8.

Upon consideration of the parties' submissions, the record, and the pertinent law, the undersigned finds that Denny is not entitled to habeas relief because his claim is procedurally barred from federal review; therefore, his § 2254 petition should be denied without an evidentiary hearing.  *See* Rule 8(a) of the Rules Governing Section 2254 Cases in United States District Courts.

## II.   DISCUSSION

### A.   Procedural Default

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S.

---

been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164; *see Frye*, 566 U.S. at 146–47.  Here, the record is undeveloped on the question of whether the State made a formal plea offer to Denny that was communicated to Denny's counsel and, if so, whether counsel did or did not communicate the offer to Denny. This court notes that, in denying this claim of ineffective assistance of counsel in Denny's Rule 32 petition, the trial court found that Denny's contention that he would have accepted a plea offer was inconsistent with his insistence in his Rule 32 petition that he was actually innocent and incapable of committing the offense, and the court further stated that it would not have accepted a guilty plea where Denny continued to maintain he was innocent.  Doc. No. 8-11 at 2–3.

4

167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40.  Importantly, for purposes of Denny's § 2254 petition, the exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] … there is a procedural default for purposes of federal habeas."  *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

## B.   Denny's Claim Is Procedurally Defaulted.

Denny claims, as he did in his Rule 32 petition, that his trial counsel was ineffective for failing to communicate the State's alleged plea offer to him.  Doc. No. 1 at 5.  The record confirms the respondents' contention that Denny failed to exhaust this claim through

one complete round of state court appellate review during his state post-conviction proceedings. *See* Doc. No. 8 at 5-8. Specifically, Denny failed to file a timely appeal from the trial court's denial of his Rule 32 petition. And, after the time to appeal had expired, he attempted to file an appeal that was dismissed for untimeliness. Thus, he failed to submit his claim through a complete round of the established appellate review process for Rule 32 petitions. As noted, the exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *Pruitt*, 348 F.3d at 1359.

The respondents correctly observe that Denny may no longer return to the state courts to exhaust his claim. The time for Denny to appeal the denial of his Rule 32 petition has long since passed, as has the time for him to seek state certiorari review, and he has no other available remedies. *See* Ala.R.App.P 4(a)(1); Ala.R.Crim.P. 32.10(a); *Ex parte Jones*, 773 So.2d 989, 989 (Ala. 1998) ("In the context of postconviction relief, the 42-day appeal period runs from the date of the trial court's denial of the Rule 32 petition."); Ala.R.App.P. 39(c)(2). Thus, the exhaustion and preclusion rules mandate the procedural default of Denny's claim. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

## C.   Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of

actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).[3]  Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982).  Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel.  *Murray,* 477 U.S. at 488.  To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions."  *Id.* at 494 (internal quotations and emphasis omitted).

Denny maintains that his trial counsel's failure to inform him of the State's alleged plea offer constitutes "cause" excusing his procedural default of his habeas claim.  Doc. No. 10 at 4–5.  However, his reassertion of his habeas claim itself does not establish an objective, external factor that prevented him from filing a timely appeal from the denial of his Rule 32 petition.  His failure to file a timely appeal in the Rule 32 proceedings was unrelated to his trial counsel's prior alleged failure to communicate the State's plea offer.  Denny also again alludes vaguely to the circuit court clerk's supposed conflict of interest "due to the possibility of being biased," and to the supposedly "misleading wording" of the trial court's order denying his Rule 32 petition.  Doc. No. 10 at 5.  However, he does not

---

[3] Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."  *Schlup,* 513 U.S. at 327.  Denny does not try to argue that the actual-innocence exception provides a gateway for review of his procedurally defaulted claim.

indicate how the supposed bias of the circuit court clerk prevented him from a timely appeal of the denial of his Rule 32 petition, and he fails to show that there was misleading wording in the trial court's order that caused his appeal to be late.

Denny's vague allegations fall far short of demonstrating cause excusing his failure to timely appeal the denial of his Rule 32 petition. Because Denny has not demonstrated cause excusing his procedural default, his claim is foreclosed from federal habeas review.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before June 27, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 13th day of June, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge